## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINGO COLON-MONTANEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-161 |
| | ) | |
| v. | ) | Judge Hardiman |
| | ) | Magistrate Judge Caiazza |
| MICHAEL OPPMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

It is respectfully recommended that the Plaintiff's action be dismissed as frivolous under 28 U.S.C. § 1915(e)(2), and that all pending motions be denied as moot.

In this Section 1983 action, state inmate Domingo Colon-Montanez ("the Plaintiff") claims his due process rights were violated in connection with deductions made from his inmate account. As an *in forma pauperis* ("IFP") litigant,[1] the Plaintiff is subject to Section 1915(e)(2), which mandates the dismissal of an IFP complaint that is "frivolous." *See generally* Stevens v. Chex Sys. of Dallas, 2000 WL 1522856, *1 (E.D. Pa. Oct. 13, 2000) (citing and quoting 28 U.S.C. § 1915(e)(2)(B)).

As seen below, the doctrine of collateral estoppel bars the Plaintiff's claims. His Complaint therefore is frivolous under Section 1915(e)(2), and it should be dismissed. *See, e.g.*,

---

[1] *See* Order dated Mar. 1, 2006 (Doc. 5) at 1 (granting IFP status).

Newton v. Nixon, 2004 WL 2282878, *1 (8th Cir. Oct. 12, 2004) (affirming district court's dismissal of pleading as frivolous based on collateral estoppel); Lewis v. Green, 2004 WL 1399202, *1 (5th Cir. Jun. 22, 2004) (same), *cert. denied*, 543 U.S. 1155 (2005).

**A.   Collateral Estoppel**

The doctrine of issue preclusion, also known as collateral estoppel, "ensures that once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *See* Burlington North R. Co. v. Hyundai Merchant Marine Co., Ltd., 63 F.3d 1227, 1232 (3d Cir. 1995) (citation and internal quotations omitted). "The prerequisites for the application of issue preclusion are satisfied when: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *See id.* (citations, internal quotations, and alterations omitted).

In Montanez v. Beard, Civ. Action No. 04-2569 (M.D. Pa.), the Plaintiff stated claims identical to the ones alleged here, *i.e.*, that the Defendants violated his Fourteenth Amendment rights by making deductions from his inmate account to satisfy

-2-

fines, costs and restitution ordered as part of his criminal sentence. *See generally* Compl. (Doc. 1) in M.D. Action.[2] The Middle District Court analyzed the Plaintiff's claims, on the merits and pursuant to applicable legal standards, and concluded he had not stated a claim upon which relief could be granted. *See id.* at Doc. 54 (R&R), Doc. 66 (2d R&R), & Doc. 70 (final Order of Jul. 12, 2006, dismissing case under Rule 12(b)(6)). The Plaintiff has taken the case to the Third Circuit Court, where his appeal remains pending.

The Plaintiff is an obvious candidate for the application of collateral estoppel. In the Middle District, identical issues were actually litigated to a final, valid ruling, and the determinations made there were essential to the prior judgment. *See* discussions *supra*; *cf. also* Cameron v. Church, 253 F. Supp.2d 611, 619 (S.D.N.Y. 2003) (ruling on 12(b)(6) motion may "operate[] as a decision on the merits" that satisfies the "final judgment" requirement) (citations omitted). There is no reason to revisit the Plaintiff's claims here, especially given the pendency of his appeal before the Third Circuit. *Cf.* Rutter v. Rivera, 2003 WL 22047996, *4 (3d Cir. Aug. 29, 2003)

---

[2] The rulings in the Middle District are not part of the record here. The District and Circuit Courts may access them by contacting their local Third Circuit librarians and obtaining a "login" and "password" for the Middle District's Electronic Document Filing System (found at https://ecf.pamd.uscourts.gov/cgi-bin/login.pl), where copies of the referenced filings can be accessed.

("a judgment is deemed final" for purposes collateral estoppel "unless or until it is reversed on appeal") (citation omitted) *and* In re Wilson, 116 F.3d 87, 90 (3d Cir. 1997) (same) (citations omitted).

The Plaintiff's complaint is barred by collateral estoppel, and it should be dismissed as frivolous under Section 1915(e)(2).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by November 24, 2006. Responses to objections are due by December 4, 2006.

November 8, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc:

DOMINGO COLON-MONTANEZ, ED-3826
SCI Fayette
50 Overlook Drive
Box 9999
LaBelle, PA 15450-0999

Francis R. Filipi, Esq. (via email)